# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| WABASH CASTINGS, INC., a Michigan corporation, | )<br>)<br>) |
| Plaintiff/Counter-Defendant, | )<br>) |
| v. | )<br>) |
| FUJI MACHINE AMERICA CORPORATION, an Illinois corporation, | )<br>)<br>) |
| Defendant/Counter-Plaintiff. | ) |

Case No. 16 C 3629

Judge Amy J. St. Eve

## ORDER

The Court denies Defendant/Counter-Plaintiff's motion to dismiss Counts V and VI of the Second Amended Complaint brought pursuant to Federal Rule of Civil Procedure 12(b)(6). [45]. Defendant/Counter-Plaintiff's answer is due on or before September 27, 2016.

## STATEMENT

On July 29, 2016, Plaintiff/Counter-Defendant Wabash Castings, Inc. ("Wabash") filed a six-count Second Amended Complaint against Defendant/Counter-Plaintiff Fuji Machine America Corporation ("Fuji") based on the Court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a). On August 12, 2016, Fuji filed the present Rule 12(b)(6) motion to dismiss Counts V and VI of Wabash's Second Amended Complaint. For the following reasons, the Court denies Fuji's motion to dismiss.

## BACKGROUND

Wabash alleges that it is an aluminum casting, machining, assembly, and testing producer to the automotive industry. (R. 43, Second Am. Compl. ¶ 2.) Wabash was previously named Harvey Acquisition I Inc. ("Harvey") and holds title to the asserted claims after acquiring the assets of the Harvey entities. (*Id*. ¶¶ 2, 5, 24, 25.) Further, Wabash alleges that this lawsuit relates to various claims arising from Fuji's failure to supply properly functioning machinery used by Harvey in manufacturing automotive parts for Chrysler Group, LLC ("Chrysler"). (*Id*. ¶¶ 1, 11.) At issue in this lawsuit are the "Harvey Contracts," which involve eleven purchase orders. (*Id*. ¶ 10.)

In its Second Amended Complaint, Wabash brings the following claims: (1) a breach of contract claim (Count I); (2) a breach of implied warranty of merchantability claim (Count II); (3) a breach of implied warranty of fitness for particular purpose claim (Count III); (4) a breach of express warranty claim (Count IV); (5) a promissory estoppel claim (Count V); and (6) an

unjust enrichment/quantum meruit claim (Count VI). Wabash unequivocally alleges that it is bringing Counts V and VI in the alternative.

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In determining the sufficiency of a complaint under the plausibility standard, courts must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

## ANALYSIS

In its motion to dismiss, Fuji argues that because Wabash has alleged an express contract between the parties, the Court must dismiss the quasi-contract claims in Counts V and VI that Wabash has alleged in the alternative. Here, the parties do not dispute that under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural rules. *See Goesel v. Boley Int'l (H.K.) Ltd.,* 806 F.3d 414, 419 (7th Cir. 2015). Under Federal Rule of Civil Procedure 8(d)(2), a "party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." Also, under the federal procedural rules, a "party may state as many separate claims or defenses as it has, regardless of consistency." Fed.R.Civ.P. 8(d)(3). As the Supreme Court explains, the "[r]ules recognize that a person may not be sure in advance upon which legal theory she will succeed, and so permit parties" to plead inconsistent claims in the alternative. *Cleveland v. Policy Mgmt. Sys. Corp.,* 526 U.S. 795, 805 (1999); *see also Peterson v. McGladrey & Pullen, LLP,* 676 F.3d 594, 597 (7th Cir. 2012); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011); *see, e.g., Santangelo v. Comcast Corp.,* 162 F. Supp. 3d 691 (N.D. Ill. 2016) ("a plaintiff can bring an unjust enrichment claim in the alternative to a breach of contract claim."); *In re Fluidmaster, Inc.,* 149 F. Supp. 3d 940, 963 (N.D. Ill. 2016) ("While Plaintiffs' unjust enrichment claim may eventually give way to Plaintiffs' breach of contract and fraud claims, Plaintiffs may plead in the alternative at this stage in the litigation."). Therefore, under the federal procedural rules, Wabash may allege promissory

2

estoppel and unjust enrichment/quantum meruit claims in the alternative to its breach of contract claims even though it cannot recover under both breach of contract and quasi-contract theories. *See Prudential Ins. Co. of Am. v. Clark Consulting, Inc.,* 548 F. Supp. 2d 619, 623 (N.D. Ill. 2008).

In its reply brief, Fuji acknowledges that Rule 8(d) allows Wabash to plead in the alternative under the federal procedural rules, but nevertheless argues that under Michigan and/or Illinois substantive law, Wabash has failed to plausibly allege its quasi-contract claims under the federal pleading standards. The Court thus turns to whether Wabash has sufficiently alleged its promissory estoppel and unjust enrichment claims. In doing so, the Court notes that many of the cases Fuji relies upon are distinguishable, including cases where the court considered the parties' evidence at summary judgment. *See, e.g., Convergent Grp. Corp. v. Cnty. of Kent,* 266 F. Supp. 2d 647, 661-62 (W.D. Mich. 2003). Also, Fuji's reliance on Michigan and Illinois cases that apply state procedural rules and not federal procedural rules do not inform the Court's analysis. *See, e.g., Romeo Inv. Ltd. v. Michigan Consol. Gas Co.,* No. 260320, 2007 WL 1264008, at *7 (Mich. Ct. App. May 1, 2007) (per curiam); *Morris Pumps v. Centerline Piping, Inc.,* 273 Mich. App. 187, 199 (Mich. Ct. App. 2006); *Illinois Dept. of Cent. Mgmt. Servs. v. 3500 W. Grand (Chicago), LLC*, No. 1-13-2332, 2014 WL 2719293, at *8 (1st Dist. June 12, 2014).

In Count V, Wabash brings a promissory estoppel claim against Fuji. A claim for promissory estoppel in Illinois includes the following elements: (1) an unambiguous promise; (2) reasonable and justifiable reliance by the party to whom the promise was made; (3) the reliance was expected and foreseeable by the promissor; and (4) the promisee relied upon the promise to his detriment. *See Matthews v. Chicago Transit Auth.,* 51 N.E.3d 753, 780 (Ill. 2016); *Caterpillar, Inc. v. Usinor Industeel,* 393 F. Supp. 2d 659, 679-80 (N.D. Ill. 2005). Similarly, under Michigan law, the elements of a claim for promissory estoppel are: (1) a promise, (2) that the promisor reasonably should have expected to induce action of a definite and substantial character on the part of the promisee; (3) that in fact produced reliance; and (4) the promise must be enforced to avoid injustice. *See Etts v. Deutsche Bank Nat'l Trust Co.,* 126 F. Supp. 3d 889, 900 (E.D. Mich. 2015).

Here, Wabash alleges that Fuji unconditionally promised to deliver the Fuji turn-key production machines to Harvey's Aiken, South Carolina and Nuevo Laredo, Mexico facilities and that these machines would be free of defects and would work as intended. (Second Am. Compl. ¶ 51.) Wabash also alleges that Harvey reasonably and detrimentally relied on Fuji's promise and that Harvey was damaged as a result of Fuji's failure to fulfill its promise, namely, the machines were not built to specification, after which Chrysler ultimately terminated its business relationship with Harvey. (*Id.* ¶¶ 19-23, 52, 53.) Further, Wabash asserts that to avoid injustice to Harvey, Fuji's promise must be enforced. (*Id.* ¶ 54.) Accepting Wabash's well-pleaded facts as true and drawing all reasonable inferences in its favor, Wabash has set forth sufficient factual details to state a plausible claim of promissory estoppel under the circumstances because the Court can draw a reasonable inference that Fuji is liable for the alleged misconduct. *See Iqbal,* 556 U.S. at 679 ("Determining whether a complaint states a

plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). Fuji's argument that there is no factual dispute regarding the existence of the express contracts does not change the Court's analysis at the procedural posture where the Court must determine whether Wabash's allegations are sufficient under the plausibility standard and where the Court is required to accept Wabash's facts and all reasonable inferences as true. *See Roberts*, 817 F.3d at 564.

In Count VI, Wabash alleges an unjust enrichment/quantum meruit claim in alternative to its claims for breach of contract. "Unjust enrichment under Illinois law requires a plaintiff to show that a defendant has 'unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience.'" *Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, ___ F.3d ___, 2016 WL 4097439, at *12 (7th Cir. Aug. 2, 2016) (citing *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 131 Ill.2d 145, 160, 137 Ill.Dec. 19, 545 N.E.2d 672, 679 (1989)). Under Michigan law, to "proceed on a claim of unjust enrichment or quantum meruit, a plaintiff must establish (1) the receipt of a benefit by defendant from plaintiff, and (2) an inequity resulting to plaintiff because of the retention of the benefit by defendant." *Star of the W. Milling Co. v. Sales,* No. 15 CV 13086, 2016 WL 3753530, at *10 (E.D. Mich. July 14, 2016) (citation omitted).

In its Second Amended Complaint, Wabash alleges that Fuji received monetary compensation from Harvey in exchange for the promised delivery of the Fuji machines, Fuji has been unjustly enriched at the expense of Harvey because it received compensation without delivering machines in the operational condition requested by Harvey and as promised by Fuji, and that Fuji is required to compensate Harvey for these benefits, as it would otherwise be inequitable for Fuji to retain the compensation. (Second Am. Compl. ¶¶ 57-59.) Under these facts, Wabash has sufficiently alleged a plausible claim for unjust enrichment/quantum meruit. *See Carlson v. CSX Transp., Inc.,* 758 F.3d 819, 827 (7th Cir. 2014) (to state a plausible claim, a 'plaintiff must include 'enough details about the subject-matter of the case to present a story that holds together.") (citation omitted).

Last, as Wabash admits, it cannot ultimately recover under both contract and quasi-contract theories as this case moves forward. *See Schlotfeldt v. Wells Fargo Home Mortgage, Inc.,* No. 15 C 6656, 2016 WL 406341, at *4 (N.D. Ill. Feb. 3, 2016) ("although plaintiffs will not be able to recover under both theories, they are permitted to plead them in the alternative"). Nonetheless, because Wabash may plead contract and quasi-contract claims in the alternative under the federal procedural rules, the Court denies Fuji's motion to dismiss.

**Dated:** September 13, 2016

_____
**AMY J. ST. EVE**
**United States District Court Judge**

4